## THE STATE v. JIM COLEMAN, Appellant.

Division Two, March 4, 1924.

1. **SEARCH WARRANT:** Indorsement by Judge: No Record Entry: Imports Verity. The indorsement upon the search warrant, issued in full compliance with the law, of the name and title of office

of the judge of the court having complete jurisdiction of the matter, imports verity, and the integrity of the warrant cannot be questioned by a showing that no record entry of the making and filing of the affidavit as an application for the warrant was made by the clerk in vacation, nor did such failure of the clerk to perform his ministerial duty affect the power of the officer to whom the warrant was directed.

2. ———: **Orders in Chambers: Jurisdiction: Warrant.** Where the court is clothed with power to hear and determine the case on its merits, the judge thereof, upon the submission to him of proper affidavits, has power in chambers, as incidental to the prosecution of one charged of the offense by an information filed, to order the issuance of a search warrant.

3. ———: **Quashed: Admission of Evidence.** Error of the trial court in quashing a search warrant is cured by the admission at the trial of the evidence by it obtained.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Jesse W. Barrett,* Attorney-General, and *Allen May,* Special Assistant Attorney-General, for respondent.

WALKER, J.—The appellant was charged, May 24, 1922, by information in the Circuit Court of Pemiscot County under Section 6588, as amended, Laws 1921, page 413, with the unlawful possession of intoxicating liquor. On May 25, 1922, the Assistant Attorney-General, charged with the prosecution of this class of cases, filed an affidavit with the Clerk of the Circuit Court, asking the issuance of a search warrant, which was ordered by the judge of the circuit court, and the premises of the appellant searched and intoxicating liquor found in an outhouse.

Appellant filed a timely motion to quash the warrant on the ground that it was illegally issued and was oppressive and unreasonable and that the search and seizure thereunder was in violation of Section 11, Article 2, of the State Constitution, and contrary to Section 6595

as amended, Laws 1921, page 416. The court heard testimony upon this motion and sustained same, but upon the trial admitted testimony obtained under the authority of the warrant, and the appellant was found guilty and fined $1000 and sentenced to six months in jail. From this judgment he appeals.

The determinative question here seeking solution is as to the validity of the warrant under which the search warrant was made. The general jurisdiction of the circuit court over this class of cases must, under the terms of the statute, be conceded. [Sec. 6594, R. S. 1919.] Succeeding sections (6595-6596) as amended (Laws 1921, p. 417, and Laws 1923, p. 247), but not in regard to the matter here in issue, authorize an Assistant Attorney-General to file a sworn statement with the Clerk of the Circuit Court as a prerequisite to the issuance of the warrant. The record discloses a formal compliance with these requirements. In addition, the place where the intoxicating liquor is alleged to be located is stated; the name of the person charged with its possession is alleged and the property, for the discovery of which the right of search is invoked, is described. Upon this warrant, which was sworn to before the Clerk of the Circuit Court, there is indorsed the following: "Warrant ordered issued May 25, 1922. Sterling McCarty, Circuit Judge." This indorsement made by the judge of the court having complete jurisdiction of the matter in controversy imports verity. Its integrity cannot be questioned by showing an absence of a record entry by the clerk during vacation, of the making of the affidavit and the filing of the same as an application for the warrant. Nor is a like failure on the part of the clerk to note on the record, in conformity with orderly procedure, the order of the judge directing the issuance of the warrant. It is not the contention of the appellant that the judge of the court was not authorized to make this order, but that it conferred no power upon the officer to whom it was directed, in the absence of an order of the court to that effect entered of record. While experience has demon-

State v. Coleman.

strated that constant judicial supervision is necessary
to the proper discharge of their duties by ministerial
officers, a dereliction of duty, in that regard, properly
classed as a misprision, cannot be invoked, in the ab-
sence of any countervailing reason, to assail the integrity
of the court's action.

Difficulty has always been encountered in drawing
the dividing line between judicial acts and orders which
may be made in chambers and those required to be made
by a court. Probably as distinctive a classification as
can be made is that which limits the scope of acts done
in chambers to those which are incidental to the court
as such, and can only be exercised in matters over which
the court has jurisdiction. The nature of the warrant
here under review is distinctively incidental to a prosecu-
tion for the unlawful possession of intoxicating liquor.
Clothed with power to hear and determine cases of this
character, the judge, upon the submission to him in
chambers of the affidavit for the warrant which showed
upon its face that it contained all of the essential allega-
tions, was authorized in ordering the issuance of same.
To hold, in the face of these facts, that judicial power
thus exercised, may be nullified by the failure of a minis-
terial officer to perform his plain duty, would be nothing
less than trifling with the administration of justice.
While the trial court erred in the quashing of the war-
rant, the admission of the testimony thereby obtained,
and upon which the appellant was convicted, was not er-
ror. Substantial in character this testimony sustained
the verdict.

No errors committed during the trial were of such
magnitude as to prejudice the appellant and the judg-
ment is affirmed. All concur.

Headnote 1: **Appeal and Error**, 4 C. J. sec. 2287; **Searches and
Seizures**, 35 Cyc. 1268 (1926 Anno). Headnotes 2 and 3: **Searches and
Seizures**: 2, 35 Cyc. 1266 (1926 Anno); 3, 35 Cyc. 1272 (1926 Anno).